IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE BUZBEE LAW FIRM, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> QUINN EMANUEL URQUHART & § <br> SULLIVAN, LLP, et al., § <br> § <br> Defendants. § § § § | Civil Action No. 4:25-cv-00385 <br><br> JURY <br><br> *Removed from the 11th Judicial District Court of Harris County, Texas* <br> *Cause No. 2024-84902* |

## NOTICE OF REMOVAL

Defendants Marcy Bryan Croft and MJ Legal, P.A. (together "Croft") timely remove this action from the 11th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1332(a) because there is diversity of citizenship among the real parties in interest to this suit and the amount in controversy exceeds $75,000. Roc Nation, LLC, the only other defendant properly joined and served, consents to this removal.

### Introduction

This lawsuit rests on invented facts and baseless allegations. Highlighting the fabrications that pervade the entire suit, Plaintiff The Buzbee Law Firm has sued an individual who apparently does not exist—"Jessica Santiago," an alleged private investigator. And Plaintiff has sued a law firm, Quinn Emanuel Urquhart & Sullivan, LLP that is included only because it is engaged in other, completely unrelated litigation with Plaintiff.

1

Plaintiff filed this suit amidst its mounting legal problems. The head of the Buzbee Law Firm, Anthony "Tony" Buzbee, has been sued by two former clients for breaches of fiduciary duty involving the mishandling of settlement funds. *See Thompson v. Buzbee, et al.*, No. 2:24-cv-02827 (E.D. La. filed Dec. 9, 2024); *Guidry v. Buzbee, et al.*, No. 2:24-cv-02873 (E.D. La. filed Dec. 13, 2024). Faced with these serious claims, Buzbee has filed multiple suits on behalf of other former clients to try and chill additional lawsuits from current and former personal-injury clients. *See Garcia v. Croft, et al.*, No. 4:25-cv-00353 (S.D. Tex. filed Jan. 28, 2025); *Maldonado v. Croft, et al.*, No. 4:25-cv-00345 (S.D. Tex. filed Jan. 28, 2025). Those cases have been removed to federal court based on the complete diversity of the real parties in interest. *See generally* Ex. 10; Ex. 11. In this lawsuit, The Buzbee Law Firm is the actual plaintiff and similarly alleges that Defendants persuaded former personal-injury clients to sue Buzbee.

The inclusion of "Jessica Santiago" as a defendant underscores the fabricated nature of this lawsuit. "Santiago" is alleged to be an investigator who contacted one of Plaintiff's former personal-injury clients. The petition includes no allegation on the citizenship of "Santiago"; it provides no address or identifying details for "Santiago"; "Santiago" has not been served; and Plaintiff's counsel refused a request to provide any identifying information. And there's more: no such person with that name living in Harris County or anywhere in Texas is registered as a private investigator.

Listing Quinn Emanuel as a defendant is nothing more than an attempt to open a new front in Buzbee's public battle with that firm and its client Jay-Z. Quinn Emanuel has been improperly joined because there is not a single factual allegation tying the firm to the alleged claims. The petition's only specific references to Quinn Emanuel demonstrate why it was sued: the allegations

involve the firm's unrelated defense of Jay-Z in a separate matter involving another Buzbee client. That case has nothing to do with Buzbee's former personal-injury clients.

The improper joining of these two defendants has significant jurisdictional consequences. The citizenship of "Santiago," a fictitious party, and Quinn Emanuel, an improperly joined party, must be disregarded for assessing diversity jurisdiction. When properly analyzed, this case involves a Texas Plaintiff suing Defendants Marcy Bryan Croft, MJ Legal, P.A., Roc Nation, LLC, Christina Seiss, and Lex Intelligence LLC, none of whom is a citizen of Texas. Federal diversity jurisdiction exists for exactly this situation: when out-of-state defendants are facing false and inflammatory charges filed by a Texas citizen. Removal is warranted.

## Background

1. On December 5, 2024, Plaintiff filed this suit in Harris County, Texas. The action was docketed as Cause Number 2024-84902.

2. Plaintiff amended the petition on January 27, 2025, naming Mary Croft, MJ Legal, Roc Nation, Christina Seiss, and Lex Intelligence as defendants for the first time.

3. Marcy Croft and MJ Legal timely file this notice of removal within 30 days of receiving a copy of the pleading. 28 U.S.C. §§ 1446(b)(1), (b)(2)(B).

4. Marcy Croft and MJ Legal filed a special appearance and answer in state court on January 29. This removal notice does not admit or concede any of the allegations in Plaintiff's petition. Marcy Croft and MJ Legal do not waive any defenses or rights available to them.

5. Roc Nation consents to removal. 28 U.S.C. § 1446(b)(2)(A). Christina Seiss, Lex Intelligence, and "Jessica Santiago" have not been served; so their consent is not needed for removal. 28 U.S.C. § 1446(b)(2)(A) (noting that only defendants that have been served need to consent to removal); *see Jason R. Bailey, MD, P.A. v. Blue Cross & Blue Shield of Tex. Inc.*, 504 F. Supp. 3d 591, 594 (S.D. Tex. 2020) ("A codefendant who has not been served when the notice

3

of removal is filed need not consent to it." (citing *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988))). Consent is also not required for the remaining defendant—Quinn Emanuel—because it was improperly joined. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (explaining that such a requirement would be "nonsensical, as removal in those cases is based on the contention that no other proper defendant exists").

**Basis for Removal**

6. A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

7. This court has original jurisdiction over this suit under 28 U.S.C. § 1332(a), which grants federal district courts jurisdiction over all civil actions in which (1) the action is between citizens of different states and (2) the amount in controversy exceeds $75,000. This action satisfies both requirements.

*Diversity of Citizenship*

8. Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphases omitted).

9. Complete diversity exists here: the plaintiff is a citizen of Texas, but no properly joined defendant is a citizen of Texas.

10. The petition alleges that "Plaintiff is a law firm and resident of Texas and Harris County." Pet. at 4. On information and belief, Plaintiff firm is a citizen of Texas as it has a long-established base of operations in Houston.

11. Marcy Croft resides in Mississippi and treats that Mississippi residence as her home, making her a Mississippi citizen. *See* Pet. at 4. MJ Legal is organized under Mississippi

law; maintains its principal place of business in Mississippi; and its only member (Marcy Croft) is a citizen of Mississippi. *See* Pet. at 4; Ex. 6 at ¶¶ 1–2. So MJ Legal is a Mississippi citizen, too.

12. The petition alleges that Roc Nation is a limited liability company organized under the laws of Delaware that maintains a headquarters in New York. Pet. at 4. But "the citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Roc Nation has members in Delaware, California, New York, and New Jersey and, thus, is a citizen of those States. *See* Ex. 7.

13. The petition alleges that Christina Siess is a resident of New York and the founder of Lex Intelligence. Pet. at 4. Because Christina Siess resides in New York and treats that New York residence as her home, she is New York citizen.

14. The petition alleges that Lex Intelligence is a limited liability company organized under the laws of New York that maintains its headquarters in New York. *See* Pet. at 4. On information and belief, Lex Intelligence does not have members who are Texas citizens and thus is not a Texas citizen.

15. The petition alleges nothing about the citizenship of "Jessica Santiago." It alleges only that "Jessica Santiago is an individual and can be served via personal service at her home address or wherever she may be found." Pet. at 4. The petition lists no address for her, and she has not been served.

16. The petition alleges that Quinn Emanuel is a limited liability partnership with some partners in Texas, making it a citizen of Texas among other states. *See generally* Pet. at 4.

17. "Jessica Santiago" and Quinn Emanuel do not destroy the complete diversity between the real parties in interest (that is, The Buzbee Law Firm v. Marcy Croft, MJ Legal, Roc Nation, Christina Seiss, and Lex Intelligence) because courts disregard the citizenship of parties

that have not been "properly joined and served." 28 U.S.C. § 1441(b)(2). Neither "Jessica Santiago" nor Quinn Emanuel is a real party in interest because they are not proper parties to this suit.

"Jessica Santiago" Does Not Defeat Diversity Because She Is a Fictitious Person

18.     The citizenship of "Jessica Santiago" should be disregarded because such person apparently does not exist. Substantial evidence indicates that "Jessica Santiago" is not a real person, and it should go without saying that a person who does not exist cannot be considered in determining whether the actual parties to a suit are diverse. *See Jernigan*, 989 F.2d at 815 (recognizing that a nonexistent party cannot be considered for diversity purposes).

19.     Indeed, the statutes governing diversity jurisdiction provide that "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019) ("Unknown Payee is the kind of fictitious name this provision covers."). The rule prevents plaintiffs from using allegations about "unknown defendant[s]" to defeat federal jurisdiction. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476 n.5 (5th Cir. 2001); *see also Howell by Goerdt v. Tribune Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits.").

20.     The rule excluding fictitious persons from the diversity analysis applies to "Jessica Santiago." First, Plaintiff's own petition alleges that these so-called investigators used "fake names," Pet. at 8, yet asserts—without any supporting details—that "Jessica Santiago" is a real individual who works as a private investigator. As the court observed in *Brooks v. Purcell*, 57 F.

6

App'x 47, 50 (3d Cir. 2002), when a plaintiff "has used names that he has no reason to believe are those of real people," such defendants are disregarded for diversity purposes.

21. Second, the fictious nature of "Jessica Santiago" becomes more evident when comparing the allegations in the petitions filed in the two related cases—*Garcia* and *Maldonado*—against the allegations in Plaintiff's petition. The *Garcia* and *Maldonado* petitions contain nearly identical allegations, but also state that "Jessica Santiago" is a private investigator residing in Harris County, Texas. *See* Ex. 10 at 8, 10; Ex. 11 at 8, 10. This petition repeats the "Santiago" allegations nearly word for word with one exception: the claim that "Jessica Santiago" resides in Harris County is conspicuously absent. This omission is no accident. Plaintiff's counsel has apparently now realized that the allegation that "Jessica Santiago" resides in Harris County was baseless from the start. This underscores that Plaintiff has no idea who "Jessica Santiago" actually is.

22. Third, undersigned counsel expressed doubt about the existence of a "Jessica Santiago" and asked Plaintiff's counsel for any identifying information—such as a phone number—that might help determine if there is in fact a "Jessica Santiago" connected to this case and, if so, her citizenship. Plaintiff's counsel refused to provide any such information. Ex. 9.

23. Fourth, Plaintiff has not yet served "Jessica Santiago," (here, or in *Garcia* and *Maldonado* which have been pending for 42 and 26 days, respectively, against her) further showing that no such person exists or, at a minimum, that such person remains entirely unknown to Plaintiff.

24. Perhaps most telling, independent investigation by a former FBI agent has confirmed that no individual named "Jessica Santiago" is registered as a private investigator in Harris County or elsewhere in Texas. Ex. 8. That finding is consistent with Plaintiff's own

7

allegations that the private investigators involved are based in New York. *See, e.g.*, Pet. at 2 (alleging that "phone numbers used by the investigators were traceable back to Defendant Lex Intelligence"—a "New York limited liability company"); *see also* Declaration of Fernando R. Garza (Pet., Ex. I, at ¶ 3) (stating the private investigator "informed me she was hired by New York counsel"); Sworn Affidavit of Anna Faubus (Pet., Ex. J at ¶¶ 4–5) (stating that "[t]he call came from a New York, NY phone number" and "[t]he unknown caller . . . requested that I give her a call back at the New York, New York number stated above"); Sworn Affidavit of Elizabeth Anne Buzbee (Pet., Ex. K at ¶¶ 4–5) (stating that "an unknown caller" "called from a New York, New York phone number . . . . and requested I give her a call back at the New York, New York number stated above).

25. Because nothing suggests that private investigator "Jessica Santiago" is even a real person, and certainly there is no basis to conclude she is a Texas resident, her citizenship—if it exists at all—must be disregarded. *See* 28 U.S.C. § 1441(b)(1).

<u>Quinn Emanuel Does Not Defeat Complete Diversity Because It Is Improperly Joined</u>

26. Quinn Emanuel's purported Texas citizenship does not defeat diversity because Quinn Emanuel is not "properly joined" in this suit. 28 U.S.C. § 1441(b)(2).

27. A defendant is improperly joined when "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Quinn Emanuel falls squarely within this standard because the petition offers threadbare conclusory and unsupported allegations against the firm.

28. A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id*. at 573 n.9 (citation and internal quotation marks omitted). Instead, the pleading must include specific factual allegations that could plausibly give rise to liability on the part of the in-state defendant. In making this determination, courts "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. This analysis employs the *Twombly/Iqbal* plausibility standard even if the case was filed in a state court with more relaxed pleading standards. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–08 (5th Cir. 2016).

29. The petition fails to set forth any plausible basis for recovery against Quinn Emanuel.

30. Under Texas law, a barratry claim requires (as relevant here) proof that a defendant, "with intent to obtain an economic benefit," (1) "solicit[ed] employment, either in person or by telephone, for himself or for another" or (2) paid, gave, or advanced or "offer[ed] to pay, give, or advance to a prospective client money or anything of value to obtain employment as a professional from the prospective client"; or that a defendant (3) "knowingly finance[d] the commission of [such an offense]" or (4) "is a professional who knowingly accept[ed] employment" resulting from such an offense. Tex. Penal Code § 38.12(a)–(b).

31. Similarly, to prove conspiracy under Texas law, a plaintiff must show that: (1) the defendant was a member of a combination of two or more persons; (2) the object of the combination was to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) the members had a meeting of the minds on the object or course of action; (4) one of the members committed an unlawful overt act to further the object or course of action; and (5) the

plaintiff suffered injury as a proximate result of the wrongful act. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

32. To establish tortious interference with contract, a plaintiff must allege: (1) the existence of a valid contract; (2) a willful and intentional act of interference with the contract; (3) that the act was the proximate cause of the plaintiff's injury; and (4) actual damage or loss occurred. *Hart v. Manriquez Holdings, LLC*, 661 S.W.3d 432, 439 (Tex. App. 2023).

33. And to establish tortious interference with business expectations, a plaintiff must allege: (1) a reasonable probability that the parties would have entered into a business relationship; (2) a tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) that the defendant did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damages as a result. *Duradril, L.L.C. v. Dynomax Drilling Tools, Inc.*, 516 S.W.3d 147, 168 (Tex. App. 2017).

34. Here is the entirety of the petition's allegations against Quinn Emanuel:

- "Marcy Croft and Quinn Emanuel[ ] are orchestrating the effort." Pet. at 3.

- "Marcy Croft has worked with Roc Nation for years, alongside Quinn Emanuel's Alex Spiro. Croft and her firm MJ Legal's close connections with Defendants Roc Nation and Quinn Emanuel are further demonstrated in [] public posts." *Id.* at 11; *see also id.* at 10 (alleging Quinn Emanuel is "closely affiliated" with Jay-Z).

- "Defendant Quinn Emanuel, who represents Jay Z in both cases (and who also frequently represents Roc Nation) *denied* in open court and in the press that it had any involvement in the scheme described herein." *Id.* at 3 (emphasis added); *see also id.* at 10 (alleging Quinn Emanual "denied having any connection to or knowledge of the investigators").

- "Mere days after Quinn Emanuel denied involvement in the 'investigation,' Quinn Emanuel partner Alex Spiro admitted Quinn Emanuel's involvement openly. In a brief filed with the New York court, Spiro stated 'Plaintiff's counsel tried to prevent Quinn Emanuel from investigating Mr. Carter's claims of extortion by trying to enjoin the firm

10

- from contacting anyone related to the Buzbee law firm.'" *Id.* at 3 n.5 (citing Shawn Carter's Motion to Deny Plaintiff's Request to Proceed Anonymously, filed in Case No. 24-cv-07975-AT (S.D.N.Y.), [Dkt. #38], at p.17, fn.1); *see also id.* at 10–11 (alleging same).

- "The illegal effort described here, which Roc Nation is funding, and which Defendants Croft and Quinn Emanuel are orchestrating, is intended to interfere with The Buzbee Law Firm's ability to represent its clients, and conduct its business in general." *Id.* at 3.

- "One lawsuit . . . . filed in Los Angeles by Defendant Quinn Emanuel, alleged that the Firm was trying to extort Jay-Z . . . ." *Id.* at 7.

- "This contact was an illegal solicitation and was made on behalf of and as part of a conspiracy involving (at minimum) Defendants Croft, Roc Nation, and Quinn Emanuel." *Id.* at 9.

- "Defendant Roc Nation, LLC in conspiracy with Quinn Emanuel orchestrated and instructed Defendants Croft and MJ Legal to send agents (private investigators) in Texas to the homes of the Firm's ex-clients who were also in Texas." *Id.* at 11.

- "Quinn Emanuel is assisting in the conspiracy . . . ." *Id.* at 12.[1]

35. Given the absence of any specific allegations against Quinn Emanuel that support Plaintiff's claims, there is "no possibility of recovery" from Quinn Emanuel. Conspiracy theories and guilt-by-association do not establish a plausible possibility of recovery.

36. The petition does not allege—as required to support a barratry claim—that Quinn Emanuel (1) "solicit[ed] employment"; (2) offered or gave anything of value to secure employment; (3) financed such an offense; or (4) accepted employment resulting from such an offense. Similarly, the petition makes no factual allegations establishing that Quinn Emanuel entered into an agreement with another party to commit barratry or detailing how Quinn Emanuel's (un)alleged conduct caused the harm Plaintiff claims he suffered—the former a necessary element of a conspiracy claim, and the latter a necessary element of both conspiracy and tortious inference

---

[1] Plaintiff further alleges that "Quinn Emanuel also has a long history of outrageous, sanctionable conduct and reputation to match." Pet. at 10. This allegation requires no response because it has nothing to do with this case.

11

claims. *See Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . .").

37. The petition does not allege—as required to support a tortious interference of contract claim—"some obligatory provision of a contract [that] has been breached." *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 532 (Tex. App.—Fort Worth 2009, pet. denied); *see also McDonald Oilfield Operations, LLC v. 3B Inspection, LLC*, 582 S.W.3d 732, 751 (Tex. App. 2019) ("A general statement that a contract with a customer exists, without details about the specific terms of the contract, is insufficient to maintain a tortious-interference-with-contract claim."); *Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex. 1995) ("Texas jurisprudence has long recognized that a party to a contract has a cause of action for tortious interference against any third person (a stranger to the contract) who wrongly induces another contracting party to breach the contract."). It does not identify the provisions of any client agreements, let alone ones that clients were being induced to breach. And the underlying premise of the claim—that a client would be breaching its engagement agreement with The Buzbee Law Firm if it were to sue the firm for misappropriation of funds—is at odds with professional ethics. Is the Buzbee Law Firm really saying that its clients are contractually barred from suing to recover stolen funds?

38. Nor does the petition allege—as required to support a claim of tortious interference with prospective business relations—any specific business relationship that would have come to life absent Quinn Emanuel's (un)alleged tortious acts. *See Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App. 2001) ("To prevail on a claim for tortious interference with a prospective business relationship, the plaintiff must establish that the defendant intentionally prevented the formation of the business relationship.") That "Plaintiff's former employees and former clients

often serve as referral sources for business to Plaintiff," Pet. at 16, does not get Plaintiff closer to showing Quinn Emanuel tortiously interfered with a specific potential business relationship.

39.     Plaintiff's conclusory statements that Quinn Emanuel "orchestrated," "assisted in," or was "involved in" a conspiracy to commit barratry are insufficient to establish liability. These "allegations" merely track the general language of conspiracy law without offering any specific facts to support them. And, of course, these generalized allegations do not establish the specific tortious acts required to support claims of tortious interference. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (explaining that a plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (explaining that courts should not accept "conclusory allegations, unwarranted deductions, or legal conclusions"); *Bernal v. State Farm Lloyds*, 2015 WL 12712685, at *3 (N.D. Tex. Sept. 2, 2015) (denying motion to remand because the allegations against the nondiverse defendant were "general assertions of wrongdoing" that recited elements of claim and thus did not support possibility of liability).

40.     Underscoring the lack of factual allegations against Quinn Emanuel as to the barratry, conspiracy, and tortious interference claims, the petition highlights unrelated lawsuits involving Quinn Emanuel's representation of Jay-Z in disputes against Buzbee. That Quinn Emanuel "filed suit" against Buzbee in California for defamation or is "currently opposing" a suit Buzbee filed against Jay-Z in New York in no way supports a claim that Quinn Emanuel engaged in barratry, conspired to commit barratry, or committed tortious interference involving Buzbee's personal-injury clients. Indeed, the petition does not allege that Quinn Emanuel filed cases on behalf of the former Buzbee clients who have sued him for misappropriation. That is because other lawyers filed those suits.

41. Showing even more desperation is Plaintiff counsel's ever-shifting theory of Quinn Emanuel's supposed liability. In the prior petitions, Plaintiff's counsel cited the fact that Quinn Emanuel outright "denied" involvement in the alleged barratry conspiracy as evidence that Quinn Emanuel engaged in barratry! Ex. 10 at 2; Ex. 11 at 2. Now, in a new twist, Plaintiff points to a footnote in a New York filing as a supposed confession of barratry involving former Buzbee personal-injury clients. But the footnote says nothing of the sort. It acknowledges only that Quinn Emanuel engaged in routine investigative work related to Jay-Z's extortion claims lodged against The Buzbee Law Firm.[2]

42. Likewise, the allegation that Quinn Emanuel "works" or is "affiliated" with Marcy Croft and Roc Nation—an allegation that itself is conclusory or based on public interest litigation from years past in Mississippi having nothing to do with this dispute—fails to establish any conspiracy or tortious act. Conspiracy requires a "meeting of the minds" to pursue an unlawful objective, something not alleged with any factual specificity here. Tortious inference requires a specific act. Mere association with other parties is not enough on either front.

43. Nor can Plaintiff salvage a claim against Quinn Emanuel through improper group pleading. The petition repeatedly refers to all "Defendants" as an undifferentiated monolithic group, without distinguishing individual conduct. *See, e.g.*, Pet. at 1–3, 7–10, 15–18. Group pleading does not establish a possibility of recovery against a particular defendant. *See In re Settoon Towing, L.L.C.*, 2024 WL 3520166, at *2 n.13 (5th Cir. July 24, 2024) (per curiam) (noting that the "[p]laintiffs' complaint is more akin to a 'group pleading' complaint, which this Court has

---

[2] The footnote reads in full: "Allegations by Plaintiff's counsel that routine investigative activities related to pending legal claims in other fora are 'harassing' should be disregarded. Plaintiff's counsel tried to prevent Quinn Emanuel from investigating Mr. Carter's claims of extortion by trying to enjoin the firm from contacting anyone related to the Buzbee law firm. That request was denied two days before the Amended Complaint was filed in this case—further evidencing Attorney Buzbee's retaliatory behavior." Ex. 14 at 17 n.1.

14

rejected"); *Armstrong v. Ashley*, 60 F.4th 262, 274 (5th Cir. 2023) ("Armstrong's allegation also suffers from the distinct problem of group pleading: she simply faults the eight Law Enforcement Defendants as a group without factual material suggesting that any particular defendant suppressed evidence.").

44. And "intend[ing] to interfere with The Buzbee Law Firm's ability to represent its clients[] and conduct its business in general" falls short of showing the actual contract or business expectation, as well as actual damage, required of tortious interference claims. *See Holloway*, 898 S.W.2d at 794–95 (concluding that tortious interference with contract claims fail when the plaintiff does not establish that the defendant "induce[d] another contracting party to breach the contract"); *Baty*, 63 S.W.3d at 860 (concluding that tortious interference with business expectancy claims fail when the plaintiff does not establish that the defendant "intentionally prevented the formation of the business relationship")

45. In sum, Plaintiff's allegations against Quinn Emanuel are conclusory and lack the factual specificity necessary to state a plausible claim. Plaintiff therefore has no reasonable possibility of recovery against Quinn Emanuel, rendering the firm improperly joined. Its purported Texas citizenship must be disregarded when evaluating diversity.

46. Because "Jessica Santiago" and Quinn Emanuel have not been "properly joined and served," this Court must disregard their citizenship in determining diversity. Absent those parties, none of the Defendants shares Texas citizenship with Plaintiff. Accordingly, complete diversity of citizenship exists among the real parties in interest. 28 U.S.C. § 1332 (a)(1).

*Amount in Controversy*

47. At this stage, Marcy Croft and MJ Legal need only make "a plausible allegation" that the amount in controversy exceeds the jurisdictional threshold, which should be accepted

15

unless contested by Plaintiff or questioned by the Court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

48. It is "facially apparent" that the claims at issue are "likely above" $75,000, including fees but exclusive of interest and costs. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

49. The petition seeks "damages in excess of $25,000,000." Pet. at 5. That statement alone is enough to satisfy the amount-in-controversy requirement.

50. A closer look at the requested relief reinforces that Plaintiff seeks more than $75,000. The petition seeks attorney's fees and exemplary damages, Pet. at 18, both of which count toward the amount in controversy. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (explaining that penalties, statutory damages, punitive damages, and attorney's fees—if provided for by contract or state statute—are included in the amount in controversy); Tex. Gov't Code § 82.0651(d) (providing a plaintiff may recover attorney's fees if he prevails in a barratry claim).

51. Although Defendants Marcy Croft and MJ Legal deny all liability, the petition places more than $75,000 in controversy.

52. For these reasons, removal is appropriate under 28 U.S.C. § 1332(a).

**Compliance with Removal Requirements**

53. As explained, the Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

54. Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. § 1441(a) because it is the federal judicial district and division encompassing the Harris County District Court where this suit was originally filed.

55. Removal is timely. Marcy Croft and MJ Legal filed this Notice of Removal within 30 days of receiving a copy of the amended pleading, which was filed on January 27, 2025. 28 U.S.C. § 1446(b)(1).

56. Roc Nation consents to this removal, as sufficiently conveyed by its signing of this Notice of Removal. *See Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). "Jessica Santiago," Christina Seiss, and Lex Intelligence have not been served; so they need not consent to this removal. *See Bailey*, 504 F. Supp. 3d at 594 (citing *Getty Oil*, 841 F.2d at 1261 n.9). Because Quinn Emanuel is improperly joined, its consent is unnecessary. *See Jernigan*, 989 F.2d at 815.

57. Marcy Croft and MJ Legal have also filed a civil cover sheet and supplemental cover sheet with the filing of this Notice of Removal.

58. Under Local Rule 81 and 28 U.S.C. § 1446(a), the following documents are attached: an index of all matters filed with this Notice (Exhibit 1); a copy of the state court docket sheet (Exhibit 3); a complete file from the state court, including all process, pleadings, and orders signed by the state judge (Exhibit 2); a list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit 4); and a copy of the civil cover sheet and attachment (Exhibit 5).

59. Marcy Croft and MJ Legal are serving written notification on all parties as required by 28 U.S.C. § 1446(d) and will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of Harris County District Court.

## Conclusion

For these reasons, Marcy Croft and MJ Legal remove this action to federal court.

Dated: January 29, 2025

Respectfully submitted,

/s/ L. Bradley Hancock
L. Bradley Hancock
State Bar No. 00798238
HOLLAND & KNIGHT
811 Main Street, Suite 2500
Houston, TX 77002
Telephone: (713) 244-6868
Brad.Hancock@hklaw.com

*Attorney for Roc Nation, LLC*

/s/ Gregg J. Costa
Gregg J. Costa
*Attorney-in-Charge*
  State Bar No. 24028160
  SDTX Federal No. 32779
Sydney A. Scott
  State Bar No. 24088379
  SDTX Federal No. 3126470
Johanna E. Smith
  State Bar No. 24126934
  SDTX Federal No. 3716571
GIBSON, DUNN & CRUTCHER LLP
811 Main St., Suite 3000
Houston, TX 77002
Telephone: (346) 718-6600
GCosta@gibsondunn.com
SAScott@gibsondunn.com
JESmith@gibsondunn.com

Reed Brodsky (*pro hac vice* application forthcoming)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
rbrodsky@gibsondunn.com

*Attorneys for Defendants Marcy Bryan Croft & MJ Legal, P.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2025, a true and correct copy of the foregoing was served by email and/or by electronic filing service on all counsel of record.

                                       _/s/ Gregg J. Costa_
                                       Gregg J. Costa