UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE BUZBEE LAW FIRM, § § § § § § § § § § § § | |
| Plaintiff, | |
| v. | Civil Action No. 4:25-cv-00385 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP et al., | |
| Defendants. | |

DEFENDANT ROC NATION, LLC'S
RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Roc Nation, LLC ("Roc Nation") files this Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") in response to the Amended Petition filed by Plaintiff, the Buzbee Law Firm ("Plaintiff"). Roc Nation respectfully requests that the Court dismiss Plaintiff's claims against Roc Nation for lack of personal jurisdiction. Subject to Roc Nation's 12(b)(2) Motion, Roc Nation also moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim—specifically, Roc Nation moves to dismiss Plaintiff's solicitation and barratry claim.

I.  STATEMENT OF THE ISSUE PRESENTED AND STANDARD OF REVIEW

The issue before the Court is whether Roc Nation is subject to personal jurisdiction in this Court in connection with Plaintiff's claims.

A court must dismiss a moving defendant from an action over whom it lacks personal jurisdiction. FED. R. CIV. P. 12(b)(2); *TechCorr USA Mgmt. LLC v. A.Hak Indus. Services B.V.*, Civil Action No. H-11-03707, 2013 WL 2482725, at *2 (S.D. Tex. June 10, 2013). The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Porretto v. City of*

1

*Galveston Park Bd. of Trustees,* 113 F.4th 469 (5th Cir. 2024*); see, e.g.*, *Lonestar Livestock Equip. Co. Inc. v. S. Livestock Sys., LLC*, Civil Action No. H:15-447, 2015 WL 3756501, at *2 (S.D. Tex. June 16, 2015) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). This burden requires the plaintiff to make a *prima facie* showing of the facts upon which jurisdiction is predicated. *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983); *see also Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992). Here, because Plaintiff has not met its burden of making even a *prima facie* showing of personal jurisdiction, Roc Nation respectfully requests that the Court dismiss this lawsuit.

## II.     SUMMARY OF ARGUMENT

This court lacks personal jurisdiction over Roc Nation. In this case, Plaintiff, a Texas-based law firm, attempts to bring suit against Roc Nation, a limited liability company organized under the laws of Delaware and with its headquarters and principal place of business in New York City, New York. The claims in Plaintiff's Amended Petition are completely unfounded, and Roc Nation vehemently denies all claim asserted therein. In its Amended Petition, Plaintiff makes conclusory claims that Roc Nation is "financing" a scheme to seek out more than two dozen of Plaintiff's current and former clients to bribe said clients to bring claims against Plaintiff. But other than Plaintiff's conclusory claim that Roc Nation is "financing" these alleged efforts involving the other named Defendants, Plaintiff does not make any allegations regarding Roc Nation actually contacting any of Plaintiff's former or current clients. Plaintiff has not met its initial burden of pleading sufficient allegations to bring Roc Nation within the reach of this Court's jurisdiction. In sum, Plaintiff's claims must be dismissed for lack of personal jurisdiction because:

**No general jurisdiction.** There is no general jurisdiction because Roc Nation—a record label, talent agency, and media production firm—headquartered in New York City, New York, lacks sufficient contacts with the State of Texas.

**No specific jurisdiction.** There is no specific jurisdiction over Roc Nation either because Plaintiff cannot establish that Roc Nation purposefully availed itself of conducting activities in Texas or that Plaintiff's cause(s) of action arise out of any specific purposeful activities of Roc Nation in Texas.

**Notions of Fair Play and Substantial Justice**. Exercising personal jurisdiction over Roc Nation would offend the notions of fair play and substantial justice.

### III.   RELEVANT JURISDICTIONAL FACTS AND BACKGROUND

1. *Jurisdictional Facts*

Roc Nation is a limited liability company organized in Delaware that serves as a record label, talent agency, and media production firm, among other things. *See* Declaration of Candice Davis, attached hereto as **Exhibit A** at ¶ 3. Roc Nation maintains its principal office in New York New York. *See* **Ex. A** at ¶ 4.

Roc Nation has never been incorporated in Texas or been authorized to do business in Texas. *See* **Ex. A** at ¶ 4. Roc Nation has not sought registration with the Texas Secretary of State, or any other state agency or entity, and has not been required to pay any taxes or fees to Texas or any of its agencies, political subdivisions or governmental units.

Roc Nation does not operate in Texas and has never had any physical locations or offices in Texas. *See* **Ex. A** at ¶ 5. Roc Nation has never owned, leased, rented, or controlled any real or personal property in Texas. *See* **Ex. A** at ¶ 8. Roc Nation has never had a mailing address or telephone number in Texas. *See* **Ex. A** at ¶ 6. Roc Nation has never maintained a savings and loan association or bank account in Texas. *See* **Ex. A** at ¶ 7.

2. *Procedural Background*

Plaintiff filed its Original Petition in Harris County District Court (Cause No. 2024-84902 in the 11th District Court) on December 5, 2024 (the "Petition") against Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"). *See* Dkt. No. 1-2, pages 2-13 of 393.

Plaintiff amended its Petition on January 27, 2025, adding Roc Nation as a Defendant to

the lawsuit. *See* Amended Petition attached hereto as **Exhibit X**. Plaintiff served Defendant Roc Nation, LLC on January 28, 2025. *See* Dkt. No. 1-2, pages 316-334 of 393.

On January 30, 2025, before Roc Nation filed any answer or made any appearance, this matter was removed to federal court. *See* Dkt. No. 1.

### IV.     12(b)(2) ARGUMENTS AND AUTHORITIES

1. *General Principles of Personal Jurisdiction*

The Plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. *Monkton Ins. Servs., Ltd. v. Ritter,* 768 F.3d 429 (5th Cir. 2014); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). A plaintiff may present a *prima facie* case by producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *WNS, Inc. v. Farrow*, 884 F.2d 200, 204 (5th Cir. 1989). While the Court may accept uncontroverted allegations in the complaint as true, the Court does not give credit to conclusory allegations in the complaint, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). *Airis Int'l Holdings, LLC v. West*, Civil Action No. H-14-3525, 2015 WL 12781042, at *1 (S.D. Tex. July 27, 2015).

A federal court may exercise personal jurisdiction over a foreign defendant when (1) the long arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of jurisdiction is consistent with the due process guarantee of the United States Constitution. *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 581 (E.D. Louisiana 2013) (citing *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007)). Because Texas's long-arm statute reaches to the constitutional limits, the question remaining is whether exercising personal jurisdiction over the defendant offends due process. *See Fielding v. Hubert Burda Media, Inc*. 415 F.3d 419, 424-25 (5th Cir. 2005).

The Due Process Clause of the Fourteenth Amendment permits a court to exercise

jurisdiction over a foreign defendant when that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Asevedo*, 921 F. Supp. 2d at 581 (citing *Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004)). There are two types of minimum contacts: contacts that give rise to specific jurisdiction and those that give rise to general jurisdiction. *Freudensprung*, 379 F.3d at 343.

Here, the Court lacks general and specific jurisdiction over Roc Nation, and exercising jurisdiction over Roc Nation would offend traditional notes of fair play and substantial justice.

2. **_The Court lacks general jurisdiction over Roc Nation._**

General jurisdiction exists when the defendant's contacts with the forum state are unrelated to the cause of action but are continuous and systematic. *Bland v. Everdays, Inc.,* No. 4:24-CV-946-P, 2025 WL 297826, at *3 (N.D. Tex. Jan. 2, 2025), *report and recommendation adopted sub nom. Bland v. Everydays, Inc.,* No. 4:24-CV-00946-P, 2025 WL 295735 (N.D. Tex. Jan. 24, 2025; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "This is a difficult test to meet requiring extensive contacts between a defendant and the forum state." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

In particular, general jurisdiction only exists in a forum where the defendants affiliations are so continuous and systemic as to render the defendant "essentially at home in the forum". *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). The "paradigm bases for general jurisdiction" for an entity defendant like Roc Nation is the State under whose law it is organized and the State where the entity maintains its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Under these principles, Roc Nation does not have sufficient contacts with the State of Texas and is therefore not subject to general personal jurisdiction here. Roc Nation does not reside in

Texas. Roc Nation is a record label, talent agency, and media production firm headquartered in New York City. *See* **Ex. A** at ¶ 3. Roc Nation does not have any locations or offices in Texas nor does it continuously and systematically conduct business in Texas. *See* **Ex. A** at ¶ 4. Roc Nation has never had a mailing address or telephone number in Texas. *See* **Ex. A** at ¶ 6. Roc Nation has never maintained a savings and loan association or bank account in Texas. *See* **Ex. A** at ¶ 7. Roc Nation has never owned, leased, rented, or controlled any real or personal property in Texas. *See* **Ex. A** at ¶ 8. It is clear that Roc Nation does not have continuous and systematic contacts with Texas. Accordingly, no general jurisdiction exists here.

   3. *<u>The Court lacks specific jurisdiction over Roc Nation.</u>*

This Court also lacks specific jurisdiction over Roc Nation. Specific jurisdiction exists when the "nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). "The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *See Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

Plaintiff's only allegation against Roc Nation is that it is allegedly <u>financing</u> what appears to be a fabricated "conspiracy" against the Buzbee Law Firm with the other named Defendants in this lawsuit. Importantly, Plaintiff does not allege Roc Nation to have any other type of involvement in the so-called conspiracy other than allegedly providing funding to the other Defendants. Plaintiff does not allege that Roc Nation made any contact whatsoever with Plaintiff—the Buzbee Law Firm—or any of the Buzbee Law Firm's former or current clients.

To be clear, Roc Nation denies the allegations as flat out lies. As such, it should come as no surprise that there is no substance to the alleged conspiracy. Even in spinning the yarn of a fictitious conspiracy, Plaintiff makes no allegations that Roc Nation travelled to Texas to plan the alleged conspiracy, itself solicited or contacted Plaintiff or any of its former or current clients, sent

6

funds to any Texas bank accounts, or actually took any action *at all* in the State of Texas. In sum, Plaintiff failed to meet its prima facie burden of establishing personal jurisdiction as it relates to Roc Nation. In this way, Plaintiff fails to show that Roc Nation purposefully directed any activity to Texas specifically.

Moreover, personal jurisdiction may not be asserted over a nonresident defendant based solely upon effects or consequences of an alleged conspiracy with a resident in the forum state. And Plaintiff makes *no* effort to distinguish between the different Defendants. The Fifth Circuit and U.S. Supreme Court do not permit indiscriminate jurisdictional allegations to support a finding of personal jurisdiction. *See Gen. Retail Services v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 793 (5th Cir. 2007) (citing *Rush v. Savchuk*, 444 U.S. 320, 332–33 (1980)) (holding that aggregating the defendant into a collective of "defending parties" did not satisfy federal due process)). Although Plaintiff alleges that the Defendants engaged in a conspiracy, the Court must evaluate each Defendant's contacts separately to determine whether personal jurisdiction exists. *See Nat'l Indus. Sand Ass'n v. Gibson,* 897 S.W.2d 769, 773 (Tex. 1995). "Even with allegations of a conspiracy, the court must still evaluate each of the defendants' contacts separately to determine whether personal jurisdiction exists." *Eagle Metal Prods., LLC v. Keymark Enterprises, LLC,* 651 F. Supp. 2d 577 (N.D. Tex. 2009). "Thus we decline to recognize the assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state. Instead, we restrict our inquiry to whether [the nonresident defendant] itself purposefully established minimum contacts such as would satisfy due process[.]"); *see also Paolino v. Argyll Equities, L.L.C*., 401 F. Supp. 2d 712, 720 (W.D. Tex. 2005).

Plaintiff fails to show that Roc Nation has purposefully availed itself of the benefits and protections of Texas and established minimum contacts that would satisfy due process. Neither general nor specific jurisdiction over Roc Nation exists here. Thus, the first prong of the test for

personal jurisdiction cannot be met. *See Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)(laying out the two-prong test for a court to exercise personal jurisdiction over foreign defendant).

4. **The Exercise of Personal Jurisdiction over Roc Nation offends Traditional Notions of Fair Play and Substantial Justice.**

Because there is not general or specific jurisdiction over Roc Nation, the first prong of the test cannot be met here, we should end the inquiry. Nonetheless, asserting personal jurisdiction over Roc Nation would also offend traditional notions of fair play and substantial justice. To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in furthering fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415,421 (5th Cir. 1993). These factors weigh against the exercise of personal jurisdiction here.

The burden of subjecting Roc Nation to litigation in Texas is great. Roc Nation has no offices, officers, employees, or resources in Texas. Texas courts have no interest in deciding this case as it relates to Roc Nation because Roc Nation lacks any meaningful contacts with Texas. Further, this burden on Roc Nation would not be serving the interest of efficient resolution of controversies or furthering social policies.

Considering the lack of contacts between Roc Nation and Texas, and the extraordinary burden on Roc Nation to litigate here, exercising personal jurisdiction over Roc Nation would offend traditional notions of fair play and substantial justice for the reasons set forth above. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Guardian Royal Exch. Assurance Co. v. English China Clays*, *PLC*, 815 S.W.2d 223, 226 (Tex. 1991).

V.     12(b)(6) ARGUMENTS AND AUTHORITIES

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure

must be granted if, taking all well-pled facts as true, the complaint fails to establish a cause of action upon which relief may be granted. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" (citations omitted). *Land & Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 681 (5th Cir. 2015). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

Plaintiff's solicitation and barratry claim must be dismissed as a matter of law. While Plaintiff purports to bring a claim under Texas Penal Code Section 38.12, under Texas law, a <u>citizen who was solicited</u> in violation of Texas Penal Code Section 38.12 can bring a claim under Texas Government Code Section 82.0651. Texas Government Code Section 82.0651 allows <u>a person</u> to bring a barratry claim in a civil lawsuit. Specifically, Section 82.0651 states that <u>"a client"</u> or <u>"a person who was solicited"</u> are the ones with standing to bring the claim.

Here, Plaintiff—the Buzbee Law Firm—does not have standing to bring a claim for solicitation and barratry since the Buzbee Law Firm does not claim in its Amended Petition to have been solicited by Roc Nation, or any of the Defendants, as either a client or potential client. Therefore, with respect to Plaintiff's solicitation and barratry claim, Plaintiff has failed to state a claim for which relief may be granted because Plaintiff lacks standing. Accordingly, Plaintiff's solicitation and barratry claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## VI. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Roc Nation respectfully requests that the Court: (1) dismiss all of Plaintiff's claims against Defendant Roc Nation for lack of personal jurisdiction over Roc Nation under Rule 12(b)(2), or, alternatively, for failure to state a claim for which relief can be granted under Rule 12(b)(6); and (2) award Roc Nation such additional relief to which it is entitled and which the Court deems just and proper.

Dated: February 18, 2025.                    Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By:    */s/ L. Bradley Hancock*
L. Bradley Hancock
Texas Bar No. 00798238
S.D. Bar No. 21091
Brad.Hancock@hklaw.com
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001

**ATTORNEY-IN-CHARGE FOR DEFENDANT ROC NATION**

**OF COUNSEL:**

Megan Schmid
Texas Bar No. 24074383
S.D. Bar No. 1133741
Megan.Schmid@hklaw.com
Maria Gil
Texas Bar No. 24120848
S.D. Bar No. 3740191
Maria.Gil@hklaw.com
**HOLLAND & KNIGHT LLP**
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001

**ATTORNEYS FOR DEFENDANT
ROC NATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on all known counsel of record this 18th day of February, 2025, via the Court's filing system.

*/s/ L. Bradley Hancock*
L. Bradley Hancock

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 18, 2025 counsel for Defendant Roc Nation, LLC conferred with counsel for Plaintiff via email exchange and via a Zoom call regarding the relief sought in this motion. Plaintiff is opposed to this motion. However, Defendant Roc Nation, LLC notes that during the call, counsel for Plaintiff indicated that Plaintiff will be repleading its barratry claim in order to attempt to cure the pleading deficiency as pointed out in the 12(b)(6) portion of this motion. Therefore, Plaintiff's repleading may moot the 12(b)(6) portion of this motion.

*/s/ L. Bradley Hancock*
L. Bradley Hancock

11