IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE BUZBEE LAW FIRM, § § § | |
| Plaintiff, § § | Civil Action No. 4:25-cv-00385 |
| v. § § | JURY DEMANDED |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP, et al., § § § § | |
| Defendants. § § § § | |

**DEFENDANTS MARCY BRYAN CROFT & MJ LEGAL, P.A.'s
RULE 12(b)(2) MOTION TO DISMISS**

Defendants Marcy Bryan Croft and MJ Legal, P.A. (together the "Croft Defendants") move for dismissal based on lack of personal jurisdiction. The Croft Defendants are based in Mississippi and the Amended Petition ("Petition") alleges no Texas conduct they engaged in related to this case. Although The Buzbee Law Firm has indicated it will seek remand, this Court can decide the issue of personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999). And because The Buzbee Law Firm has already amended its pleading before removal and cannot change the Croft Defendants' lack of case-specific Texas contacts, there is no basis for allowing the Firm to replead its jurisdictional allegations. Accordingly, the claim against the Croft Defendants should be dismissed.

1

## INTRODUCTION

Facing a growing number of lawsuits from former clients accusing its founder, Anthony "Tony" Buzbee, of misappropriating client funds,[1] The Buzbee Law Firm filed this suit to try and intimidate lawyers from filing more suits to hold Buzbee accountable. The desperation behind this filing resulted in defects that prevent it from getting out of the starting gate. One of these defects is a lack of personal jurisdiction.[2] The claims asserted against the Croft Defendants cannot be brought in Texas because they are not at home in this state and the claims do not arise out of any Texas contacts they have. The Buzbee Law Firm's public-relations ploy disguised as a lawsuit does not deserve to go any further. Its baseless allegations should be dismissed for lack of personal jurisdiction.

## BACKGROUND

The Buzbee Law Firm's meager pleadings allege that Marcy Bryan Croft and MJ Legal, P.A.—purportedly working with Roc Nation, LLC, Quinn Emanuel Urquhart & Sullivan, LLP, Christina Seiss, Lex Intelligence LLC, and a supposed investigator named "Jessica Santiago" who apparently does not even exist, *see* Dkt. 1 at 2, 6–8—have "engage[d] shadowy operatives" to encourage or even bribe former and current clients to sue The Buzbee Law Firm. Dkt. 1-2 at 316. The Firm vaguely alleges that these "shadowy operatives" called and visited clients and employees in Louisiana and Texas.

---

[1] *See Thompson v. Buzbee, et al.*, No. 2:24-cv-02827 (E.D. La. filed Dec. 9, 2024); *Guidry v. Buzbee, et al.*, No. 2:24-cv-02873 (E.D. La. filed Dec. 13, 2024).

[2] Following this Court's Local Rules, the Croft Defendants notified the Buzbee Law Firm that they also planned to seek dismissal for failure to state a claim on numerous grounds. The Buzbee Law Firm stated it would replead to try and respond to those Rule 12(b)(6) deficiencies, so the Croft Defendants are reserving their right to seek Rule 12(b)(6) or 12(c) dismissal after the amended pleading is filed. *See* Judge Hanen's Individual Rule 7(P).

2

The specific allegations about the Croft Defendants are scant. At best, the Petition makes (1) cursory assertions about unrelated forum ties, Dkt. 1-2 at 317, 319; (2) generalized allegations that the Croft Defendants know Roc Nation and Quinn Emanuel based on public interest litigation work in Mississippi years ago, *id*. at 326–29; (3) conclusory references to Ms. Croft's so-called "orchestration" of or involvement in the alleged conspiracy, *id*. at 317–18, 323–24, and, finally, (4) dubious allegations of "Santiago's" purported statements to Gerardo Garcia about the Croft Defendants, *id*. at 317, 324, 337. Notably, the Petition does not contain a single allegation that the Croft Defendants took any actions in Texas or even talked to anyone located in Texas.

### STATEMENT OF THE ISSUE TO BE RULED UPON BY THE COURT AND STANDARD OF REVIEW

The issue before the Court is whether the Court may exercise personal jurisdiction over the Croft Defendants in connection with The Buzbee Law Firm's claims.

Federal Rule of Civil Procedure 12(b)(2) requires dismissal when personal jurisdiction is lacking. *See Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). If a district court rules on a Rule 12(b)(2) motion without a hearing, the plaintiff must make a prima facie showing of personal jurisdiction. *Id.*; *accord Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016). The court disregards any conclusory allegations, even if uncontroverted. *Sangha*, 882 F.3d at 101–02 (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). The district court considers the record at the time of the motion. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002); *Sangha*, 882 F.3d at 101.

### ARGUMENT

**I.    This Court Lacks Personal Jurisdiction over the Croft Defendants.**

The Court should dismiss the claims against the Croft Defendants for lack of personal jurisdiction.

The Buzbee Law Firm's attempt to drag a Mississippi resident and her Mississippi law firm into a meritless lawsuit filed in Texas should be rejected. In this diversity case, the Court may exercise personal jurisdiction over the Croft Defendants only to the extent authorized by Texas's long-arm statute, which is "satisfied if an assertion of jurisdiction accords with federal due-process limitations." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007); *see also Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).

Federal due process requires that each defendant have minimum contacts with the forum state such that "exercising jurisdiction is consistent with traditional notions of fair play and substantial justice." *Sangha*, 882 F.3d at 101 (internal quotations omitted); *accord PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007). A nonresident defendant's minimum contacts can give rise to either general or specific personal jurisdiction. *Sangha*, 882 F.3d at 101; *accord Moki Mac*, 221 S.W.3d at 575–76. General jurisdiction permits a defendant to be sued for "any and all claims"—including those having nothing to do with the forum state, whereas specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Sangha*, 882 F.3d at 101.

### A.    Neither Ms. Croft nor MJ Legal Is Subject to General Jurisdiction Because They Are Not "at Home" in Texas.

Outside of very rare situations, general jurisdiction exists only where an individual is domiciled or where a business is (1) incorporated and (2) headquartered. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358–59 (2021). Indeed, only once has the Supreme Court found general jurisdiction outside of those contexts, and it took the disruption of World War II to create that exceptional circumstance. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447–48 (1952) (finding general jurisdiction over mining company in Ohio because company had relocated to Ohio from the Philippines after Japan occupied the latter). That very high bar exists

4

because the consequences of exposing a party to general jurisdiction in a forum state are so great: A party subject to general jurisdiction in Texas can be sued there for "any and all claims" arising anywhere in the world—even those having nothing to do with this state. *Sangha*, 882 F.3d at 101.

The Croft Defendants are not "at home" in Texas. As the Petition acknowledges, Ms. Croft is domiciled in Mississippi and MJ Legal is her firm. Dkt. 1-2 at 326. MJ Legal is incorporated and headquartered in Mississippi. Dkt. 1-6 ¶¶ 1, 2; Dkt. 1-2 at 384. Thus, the Croft Defendants are in no way "essentially at home in the forum State." *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

The Petition's cursory assertions that Ms. Croft is "licensed in Texas" and that MJ Legal "perform[s] legal services in Texas," Dkt. 1-2 at 317, 319, do not upset that conclusion. Courts considering the question have "widely held that membership in a state Bar does not have any impact on the jurisdictional analysis." *See, e.g., Eastboro Found. Charitable Tr. v. Penzer*, 950 F. Supp. 2d 648, 658 (S.D.N.Y. 2013) ("[Defendant's] New York law license is not deemed a consent to general jurisdiction."). Moreover, as a Texas court recognized even before *Daimler*'s tightening of general jurisdiction, "a nonresident attorney's occasional representation of Texas residents is ordinarily insufficient to justify the exercise of general jurisdiction." *Xenos Yuen v. Fisher*, 227 S.W.3d 193, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *cf. Paolino v. Argyll Equities, L.L.C.*, 401 F. Supp. 2d 712, 725 (W.D. Tex. 2005) (no general or specific jurisdiction over nonresident attorney who had served as general counsel of company organized under Texas law); *Star Tech., Inc. v. Tultex Corp.*, 844 F. Supp. 295, 298–99 (N.D. Tex. 1993) (no general or specific jurisdiction over a nonresident attorney who participated in settlement discussions, mediation, and discovery related to a lawsuit in Dallas).

**B.     Ms. Croft and MJ Legal Are Also Not Subject to Specific Jurisdiction in Texas.**

The exercise of specific jurisdiction over the Croft Defendants is likewise improper. A state has specific jurisdiction over a nonresident defendant only when (1) the defendant has purposefully availed itself of the privilege of conducting activities within the state and (2) there is a strong connection between the defendant's purposeful forum contacts and the plaintiff's claims. *Ford Motor*, 592 U.S. at 359–60; *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8–9 (Tex. 2021).

In assessing purposeful availment, only the defendant's contacts are relevant; the plaintiff's contacts with the forum cannot create jurisdiction over the defendant. *See Walden v. Fiore*, 571 U.S. 277, 291 (2014); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). Neither "random, fortuitous, or attenuated contacts" nor the unilateral activity of another party or a third person meets the purposeful availment requirement of minimum contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (cleaned up). The defendant must have sought "some benefit, advantage, or profit by 'availing' itself of the jurisdiction." *Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 895 n.6 (S.D. Tex. 2013) (Harmon, J.) (citing *Michiana*, 168 S.W.3d at 785).

The existence of a defendant's contacts alone is not enough: There must also be a "strong relationship" between the defendant's purposeful activities in the state and the case's operative facts. *Ford Motor*, 592 U.S. at 365–66; *accord Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (explaining that there must be a "strong relationship among the *defendant*, the *forum*, and the *litigation*" for specific jurisdiction to exist).

The Petition's barebones allegations aimed at tying the Croft Defendants to Texas—that Ms. Croft is licensed in Texas and that MJ Legal at some unspecified point did in-state legal work

6

divorced from this case—do nothing to establish specific jurisdiction. Glaringly absent is any allegation that the Croft Defendants did anything in Texas related to this case. Instead, the Firm attempts to manufacture specific jurisdiction based on a supposed Texas-related conspiracy and the alleged geographically ambiguous acts of purported "agents." Neither basis supports the exercise of specific jurisdiction.

*A Texas "Conspiracy" Will Not Suffice.* The Petition alleges a conspiracy between the Croft Defendants, Quinn Emanuel, two New York-based businesses (Roc Nation and Lex Intelligence), and two so-called "investigators" (one who's not even named and another, "Santiago," who apparently does not even exist). The notion that a conspiracy exists is a farce. Setting that aside, allegations of conspiracy alone cannot establish specific jurisdiction: "Each defendant's contacts with the forum must be analyzed individually . . . ." *Logan Intern. Inc. v. 1556311 Alberta Ltd.*, 929 F. Supp. 2d 625, 631 (S.D. Tex. 2012) (Atlas, J.). This is because the "acts of conspirators cannot be imputed to a defendant as the basis for the assertion of specific jurisdiction." *Novamerican Steel, Inc. v. Delta Brands, Inc.*, 231 S.W.3d 499, 509 (Tex. App.—Dallas 2007); *see also Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 560 (Tex. 2018) (*"*[T]he mere existence or an allegation of a conspiracy directed at Texas is not sufficient to confer jurisdiction").

*A Texas Victim Will Not Suffice.* The Buzbee Law Firm's allegations that a Texas resident was allegedly harmed fail for similar reasons. "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290. Specific jurisdiction cannot be based solely on allegations that the defendant "directed a tort" to the forum. *See Michiana*, 168 S.W.3d at 790–92; *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 497–98 (5th Cir. 2022). The reason for this rule is the principle that jurisdiction is based on the defendant's own

contacts—not the plaintiff's. No facts connect the Croft Defendants to the Texas events underlying The Buzbee Law Firm's claims.

***A Third Party—Acting Unilaterally—Will Not Suffice.*** The unilateral acts of a third party also cannot support specific jurisdiction. "[A] defendant [can] be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (cleaned up). And although an agent's contacts may be imputed to a principal for personal-jurisdiction purposes, an agency relationship "will not be presumed, and the party asserting the relationship has the burden of proving it." *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also McFadin v. Gerber*, 587 F.3d 753, 761–62 (5th Cir. 2009).

The Buzbee Law Firm has not pled—and cannot prove—facts to clear the principal-agent hurdle. *See Greenfield Energy, Inc. v. Duprey*, 252 S.W.3d 721, 734 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (plaintiff must plead (1) that the defendant had the right to control both the means and the details of the third party's work, (2) evidence of actual or apparent authority, or (3) that the defendant later ratified the third party's conduct).

*First*, the Croft Defendants did not control any "investigators" involved in this case—and the Petition does not allege such control. Dkt. 1-2 at 316–34, 384.

*Second*, the "investigators" lacked both actual and apparent authority to act as the Croft Defendants' agents. Such authority can be created only by "some communication by the principal either to the agent (actual authority) or to a third party (apparent or implied authority)." *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 632–33 (5th Cir. 2015) (cleaned up); *see also Folmar v. Terra Renewal, LLC*, 2011 WL 643229, at *5 (S.D. Tex. Feb. 14, 2011) (Ellison, J.)

8

(explaining representations made by the agent of his authority have no effect). The Petition points to no specific acts or statements by the Croft Defendants that show the investigators had authority to act as their agents. *Greenfield Energy*, 252 S.W.3d at 734. Statements by an "investigator" purportedly named "Jessica Santiago"—who (according to an unofficial transcript of an audio recording The Buzbee Law Firm has refused to provide the Croft Defendants) identified Ms. Croft "from MJ Legal" as a lawyer with whom third-party Gerardo Garcia could speak about potential claims—don't help. Dkt. 1-2 at 317, 324, 337. Pushing to the side that Ms. Croft has never talked to such a person, Dkt. 1-2 at 384, even statements by a "purported agent which may mislead persons into false inferences of authority"—the most generous reading of The Buzbee Law Firm's allegations—cannot "serve as predicate for apparent authority" even when the inferences are "reasonable." *Disney Enters., Inc. v. Esprit Fin., Inc.*, 981 S.W.2d 25, 30 (Tex. App.—San Antonio 1998, pet. dism'd w.o.j.).

      **C.**    **The Exercise of Personal Jurisdiction over the Croft Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice.**

To conclude that Texas has personal jurisdiction over a Mississippi resident (Ms. Croft) or a Mississippi entity (MJ Legal) on any of The Buzbee Law Firm's groundless theories would offend traditional notions of fair play and substantial justice. Such an exercise of jurisdiction—based on conclusory allegations of a "conspiracy" or on an agency theory invented out of whole cloth—would render personal jurisdiction "universal jurisdiction," that is, "no defense at all." *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317, 320 (5th Cir. 2021). The Croft Defendants' indirect and incidental contacts with Texas—which have nothing to do with the claims in this lawsuit—are too "fortuitous" and "attenuated" for the exercise of specific jurisdiction to comply with due process. *Rudzewicz*, 471 U.S. at 475.

9

## II. Repleading Would Be Futile Because It Cannot Cure the Defects.

Though leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a), repleading cannot fix the lack of personal jurisdiction. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (explaining that a court should dismiss without granting leave to amend when "the defect is simply incurable"). The Firm has already been informed in state and federal court that jurisdictional defects exist. Dkt. 1-2 at 369–78. And the Firm already amended its petition in state court. *Id.* at 316. A third pleading could not change the essential fact that the Croft Defendants did not engage in conduct in Texas related to this case. For these reasons, repleading would be futile.

## CONCLUSION

The Croft Defendants respectfully request the Court dismiss the claims against them for lack of personal jurisdiction.

Dated: February 18, 2025　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Gregg J. Costa*
　　　　　　　　　　　　　　　　　　Gregg J. Costa
　　　　　　　　　　　　　　　　　　*Attorney-in-Charge*
　　　　　　　　　　　　　　　　　　　State Bar No. 24028160
　　　　　　　　　　　　　　　　　　　SDTX Federal No. 32779
　　　　　　　　　　　　　　　　　　Sydney A. Scott
　　　　　　　　　　　　　　　　　　　State Bar No. 24088379
　　　　　　　　　　　　　　　　　　　SDTX Federal No. 3126470
　　　　　　　　　　　　　　　　　　Johanna E. Smith
　　　　　　　　　　　　　　　　　　　State Bar No. 24126934
　　　　　　　　　　　　　　　　　　　SDTX Federal No. 3716571
　　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　　　　　　　　　　　　　　811 Main St., Suite 3000
　　　　　　　　　　　　　　　　　　Houston, TX 77002
　　　　　　　　　　　　　　　　　　Telephone: (346) 718-6600
　　　　　　　　　　　　　　　　　　Fax: (346)-718-6620
　　　　　　　　　　　　　　　　　　GCosta@gibsondunn.com
　　　　　　　　　　　　　　　　　　SAScott@gibsondunn.com
　　　　　　　　　　　　　　　　　　JESmith@gibsondunn.com

　　　　　　　　　　　　　　　　　　Reed Brodsky (*pro hac vice* application pending)
　　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　　　　Telephone: (212) 351-4000
　　　　　　　　　　　　　　　　　　rbrodsky@gibsondunn.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Marcy Bryan Croft*
　　　　　　　　　　　　　　　　　　*& MJ Legal, P.A.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on this 18th day of February, 2025, the undersigned conferred with counsel for The Buzbee Law Firm via email exchange about relief sought under Rules 12(b)(2) and 12(b)(6). *See* Judge Hanen's Individual Rule 7(P) (requiring a party seeking relief pursuant to Rules 12(b)(6) or 12(c) to file a certification). As discussed, because counsel for The Buzbee Law Firm stated it would replead to try and cure some of the alleged pleading deficiencies, the Croft Defendants are reserving their right to seek Rule 12(b)(6) dismissal after the amended complaint is filed. Rule 7(P) does not, however, apply to Rule 12(b)(2) motions. And in any event, The Buzbee Law Firm has been on notice of the personal jurisdiction argument for weeks since the Croft Defendants filed a special appearance in state court.

                                               */s/ Gregg J. Costa*
                                               Gregg J. Costa

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2025, a true and correct copy of the foregoing was served by email and/or by electronic filing service on all counsel of record.

                                         */s/ Gregg J. Costa*
                                         Gregg J. Costa