UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BUZBEE LAW FIRM<br>    *Plaintiff,*<br>v.<br><br>MARCY BRYAN CROFT, ROC NATION LLC, MJ LEGAL, P.A., JESSICA SANTIAGO, and QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>    *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. 4:25-cv-00385<br><br>Assigned to Hon. Andrew Hanen |
| JOSE MALDONADO<br>    *Plaintiff,*<br>v.<br><br>MARCY BRYAN CROFT, ROC NATION LLC, MJ LEGAL, P.A., JESSICA SANTIAGO, and QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>    *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. 4:25-cv-00345<br><br>Assigned to Hon. David Hittner |
| GERARDO GARCIA<br>    *Plaintiff,*<br>v.<br><br>MARCY BRYAN CROFT, ROC NATION LLC, MJ LEGAL, P.A., JESSICA SANTIAGO, and QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>    *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. 4:25-cv-00353<br><br>Assigned to Hon. George Hanks, Jr. |

**PLAINTIFF THE BUZBEE LAW FIRM'S MOTION TO CONSOLIDATE**

Plaintiff The Buzbee Law Firm ("Plaintiff" or the "Firm") hereby moves, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 7.6, to consolidate the above-captioned actions currently pending in the United States District Court for the Southern District of Texas. All three cases name the same defendants and allege claims involving common questions

1

of fact and law; consolidation will serve judicial economy and conserve the time and resources of the parties.

## BACKGROUND

Plaintiff filed the instant action in Harris County District Court on December 5, 2024. *Garcia v. Quinn Emanuel Urquhart & Sullivan LLP, et al*, was filed in Harris County District Court on December 18, 2024. *Maldonado v. Quinn Emanuel Urquhart & Sullivan LLP, et al*, was filed in Harris County District Court on January 3, 2025. All three cases include claims for barratry against the Defendants arising out of similar facts; the instant case also includes claims for tortious interference with contract and with prospective business relations, also arising out of the same general nucleus of facts. Defendants Marcy Croft and MJ Legal thereafter removed each case to the Southern District of Texas, Houston Division, almost simultaneously: *Garcia* and *Maldonado* were removed on January 28, 2025, and the instant action was removed on January 29, 2025.

No significant actions have been taken in any case. Counsel for each defendant have indicated that they intend to file motions under Rule 12(b)(2) and 12(b)(6), all on similar grounds.

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure authorizes a court to consolidate actions "involving a common question of law or fact." FED. R. CIV. PROC. 42(a); *State of Tex. v. United States*, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021). Consolidation pursuant to Rule 42 is entirely within the discretion of the district court. *See Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Consolidation may be ordered over the opposition or objection of any party. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007). The Fifth Circuit has urged courts to "make good use of Rule 42(a). . . in order to expedite the trial and

2

eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972 v. Eastern Air Lines, Inc.*, 549 F.2d 1006, 1013 (5th Cir. 1977).

When deciding whether consolidation is appropriate, district courts may consider factors such as "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Wharton v. U.S. Department of Housing and Urban Development*, 2020 WL 6749943, at *1 (S.D. Tex. Mar. 3, 2020). "District courts have broad discretion under Fed. R. Civ. P. 42[(a)] to consolidate causes pending in the same district." *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 270–71 (5th Cir. 1974) Pursuant to Local Rule 7.6, motions to consolidate are to be considered by the court in the first filed case.

Plaintiff submits that the above factors are satisfied here.

*First,* all three cases are pending before courts in this District, and furthermore are all pending in the Houston Division. *Second,* the cases involve common parties. Specifically, they involve exactly the same defendants in each case. The Firm is also common to all cases, as plaintiff in this action and as counsel for plaintiffs in *Garcia* and *Maldonado*. *Third,* the cases involve common issues of law, including whether defendants' conduct constitutes barratry and issues of agency and conspiracy. *Fourth,* the cases also involve common issues of fact, including whether certain defendants engaged in objectionable conduct with regard to the Firm's clients, including the other plaintiffs here; whether certain defendants directed the actions of other defendants; and whether the defendants acted in concert towards a common end. Discovery in these cases will

substantially overlap. *Fifth,* there is no risk of prejudice if the actions are consolidated. Rather, the possibility of prejudice arises from potentially inconsistent or conflicting rulings across courts if the actions are not consolidated. In addition, although not an explicit factor under the case law cited above, the cases all were filed within a few months of each other and all were removed at the same time; as a result, no case is further advanced procedurally than any other. Finally, in conferring regarding this Motion, counsel for three of the defendants indicated that they were not opposed to consolidation, as set forth in the Certificate of Conference below.

For all of the above reasons, Plaintiff respectfully requests that the Court consolidate the three above-captioned actions before a single court within this District.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/: Anthony G. Buzbee*
Anthony G. Buzbee
Attorney-in-charge
State Bar No. 24001820
Fed. ID No. 22679
David C. Fortney
State Bar No. 24068740
Lionel Sims, III
State Bar No. 24107465
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: (713) 223-5393
Facsimile: (713) 223-5909
tbuzbee@txattorneys.com
dfortney@txattorneys.com
lsims@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

4

**CERTIFICATE OF CONFERENCE**

Plaintiffs' counsel hereby certifies that he attempted to confer with counsel for each Defendant regarding this Motion via correspondence. Counsel for defendants Marcy Croft and MJ Legal, as well as counsel for defendant Roc Nation, indicated that they were <u>not opposed to consolidation</u>. Plaintiffs' counsel had not received an answer from counsel for defendant Quinn Emanuel Urquhart & Sullivan LLP prior to the filing of this Motion.

                                            */s/ David C. Fortney*
                                            David C. Fortney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and parties in accordance with the Federal Rules of Civil Procedure on February 20, 2025.

                                            */s/ David C. Fortney*
                                            David C. Fortney