Case 4:25-cv-00385   Document 41   Filed on 09/18/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BUZBEE LAW FIRM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-385 |
| | § | |
| MARCY BRYAN CROFT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This case, which involves claims of barratry and tortious interference with contractual and prospective business relationships, was removed from Texas state court. Pending before the Court is a motion to remand filed by Plaintiff The Buzbee Law Firm ("Buzbee"). The motion to remand (Dkt. 16) is **GRANTED**. This case is **REMANDED** to the 11th Judicial District Court of Harris County, Texas, where it was assigned case number 2024-84902.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit has its roots in a bitter dispute between Buzbee and attorneys for and associates of the rapper Shawn Carter ("Carter"), also known as Jay-Z. Carter himself is not a party to this case.

As the Court has discussed at some length in its opinions remanding two related cases to state court,[1] Buzbee represents numerous clients who claim that they were sexually abused by rapper Sean Combs ("Combs"), and he alleges that two of his clients have named Carter as a participant in Combs's "depraved and illegal activities." (Dkt. 1-2 at p. 321). Buzbee further alleges that he sent demand letters to Carter's attorneys seeking "a confidential sit down to discuss [Buzbee's] clients' allegations" against Carter. (Dkt. 1-2 at p. 321).

According to Buzbee, associates of Carter responded to the letters by, among other things, attempting to recruit Buzbee's current and former clients to "fil[e] false lawsuits against [Buzbee]." (Dkt. 1-2 at p. 323). Buzbee alleges that people claiming to be government agents, researchers, or investigators contacted several of his current and former clients and offered them "money—payments of up to $10,000—if they would agree to pursue claims against [Buzbee]." (Dkt. 1-2 at p. 323). Buzbee further alleges that some of the purported agents, researchers, and investigators falsely "represented to former and current [Buzbee] clients that they were part of an ongoing investigation" into Buzbee for fraud. (Dkt. 1-2 at p. 323). The aims of these actions, Buzbee claims, were "to besmirch the name and reputation of [Buzbee], start rumors regarding bogus 'investigations' or business practices, to bother and harass persons associated with [Buzbee] in order to apply

---

[1] Two of Buzbee's clients have filed barratry lawsuits alleging that associates of Carter illegally attempted to solicit them to sue Buzbee. *See* Southern District of Texas case numbers 4:25-CV-345 and 4:25-CV-353.

pressure on [Buzbee], and to illegally drum up legal cases against [Buzbee] for the same nefarious purposes." (Dkt. 1-2 at p. 330).

Buzbee filed this lawsuit in Texas state court, asserting claims of tortious interference with contractual relationships, tortious interference with prospective business relationships, barratry, and civil conspiracy. (Dkt. 1-2 at pp. 330–32). The defendants are: (1) Roc Nation, LLC ("Roc Nation"), a limited liability company of which Carter is founder and chairman; (2) Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), a law firm that "frequently represents Roc Nation and currently represents [Carter] in a lawsuit against [Buzbee]" and that, Buzbee claims, hired some of the people who contacted his current and former clients; (3) Lex Intelligence LLC ("Lex"), a company that, according to Buzbee, hired some of the people who contacted his current and former clients; (4) Christina Siess ("Siess"), who founded Lex; (5) Marcy Bryan Croft ("Croft"), a Mississippi attorney who allegedly used fake investigators to solicit some of Buzbee's clients to sue Buzbee; (6) MJ Legal, P.A. ("MJ Legal"), Croft's law firm; and (6) Jessica Santiago ("Santiago"), one of the fake investigators allegedly hired by Croft. (Dkt. 1-2 at pp. 319, 322–24). Croft and MJ Legal ("the Croft defendants") removed the case to this Court under the diversity jurisdiction statute, 28 U.S.C. § 1332, asserting that the two diversity-destroying Texas defendants—Quinn Emanuel and Santiago—are, respectively, improperly joined and fictitious. (Dkt. 1).

## LEGAL STANDARD

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal

courts have original jurisdiction—commonly referred to as "diversity jurisdiction"—over civil actions in which: (1) all persons on one side of the controversy are citizens of different states than all persons on the other side; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). The removing party bears the burden of establishing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## ANALYSIS

The Court now turns to the question of whether the Croft defendants have established that the federal courts have diversity jurisdiction over this lawsuit. The Court respectfully concludes that they have not.

### —Improper joinder

The Court respectfully concludes that the Croft defendants have not carried their heavy burden of showing that Quinn Emanuel was improperly joined.

i. <u>The applicable procedure</u>

Diversity jurisdiction is absent if any plaintiff in the case is a citizen of the same state as any named defendant, provided all nondiverse defendants have been "properly joined." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (quotation marks omitted). As a result, if the plaintiff has named a nondiverse defendant, a removing diverse defendant must prove that the nondiverse defendant was improperly

joined in order to establish diversity jurisdiction. *Id.* at 575. "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity[,]" so "the burden of demonstrating improper joinder is a heavy one." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (quotation marks and brackets omitted).

A diverse defendant can carry its burden of proving improper joinder by using "a Rule 12(b)(6)-type analysis" to demonstrate "that there is no reasonable basis for the [federal] district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood*, 385 F.3d at 573. However, "when the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, there is no improper joinder." *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 283 (5th Cir. 2007) (brackets, emphasis, quotation marks, and footnote omitted); *see also McDonal*, 408 F.3d at 183 ("The lesson of *Smallwood* is simply that there is no improper joinder when the nonresident defendant's showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant.") (quotation marks and brackets omitted). This principle is often referred to as the "common defense" doctrine. *See, e.g., Boone v. Citigroup, Inc.*, 416 F.3d 382, 392 (5th Cir. 2005).

    ii.    <u>The Croft defendants' contentions</u>

Buzbee has sued all of the defendants for tortious interference with contractual relationships, tortious interference with prospective business relationships, barratry, and

civil conspiracy. (Dkt. 1-2 at pp. 330–32). In arguing that Quinn Emanuel was improperly joined, the Croft defendants contend that: (1) Buzbee has failed to allege "basic elements of a tortious interference with contract claim" because he has not identified either "the provision of the contract that was allegedly breached" or any "actual damage or loss that occurred[;]" (2) Buzbee has "likewise" failed to allege basic elements of a claim for tortious interference with prospective business relationships because he has not alleged "a reasonable probability that [he] would have entered a future business relationship with other parties[;]" (3) Buzbee lacks standing to sue for barratry; and (4) Buzbee's civil conspiracy claim fails because it "depends on the underlying barratry claim[.]" (Dkt. 25 at pp. 15–21). The Croft defendants' contentions, if meritorious, would compel dismissal of this case in its entirety—not just dismissal of the claims against Quinn Emanuel. Accordingly, the Court respectfully concludes that the Croft defendants' contentions fall within the scope of the common defense doctrine. *Gasch*, 491 F.3d at 284 ("As a finding that the Gasches could not have produced evidence against Frazier would apply uniformly to both Hartford and Frazier and would require dismissal of the suit in its entirety, Frazier was no more improperly joined than the non-resident defendant, Hartford.") (quotation marks and brackets omitted).

First, the Croft defendants contend that Buzbee has failed to adequately plead essential elements of his claims for tortious interference with contractual relationships and prospective business relationships. If correct, the Croft defendants' contentions would apply to the tortious interference claims against all of the defendants, not just the claims against Quinn Emanuel. Such a showing would not help establish that Quinn Emanuel was

improperly joined. *See Cox v. GuideOne America Insurance Co.*, No. 1:18-CV-199, 2019 WL 4280049, at *3 (N.D. Miss. Sept. 10, 2019) (concluding that the common defense doctrine applied when the removing defendant argued that the plaintiffs had failed to plead fraud with particularity and had failed to identify physical harm or injury relevant to their claims for negligent infliction of emotional distress) ("[T]he arguments espoused by Defendants apply not only to the claims asserted against [the nondiverse defendant], but also to those asserted against [the diverse defendant]."). The Croft defendants' argument that Buzbee lacks standing to sue for barratry (and by extension civil conspiracy) meets the same obstacle; it does not help establish that Quinn Emanuel was improperly joined because it would apply to the barratry and civil conspiracy claims against all of the defendants. *See Goradia Family Interests, Ltd. v. Sunoco, Inc.*, No. 4:16-CV-736, 2016 WL 4154462, at *6 (S.D. Tex. Aug. 4, 2016) ("Because defendants' arguments of standing . . . apply equally to all of the defendants, not merely to the non-diverse defendants . . . *Smallwood* is directly on point."); *see also Huckaby v. Gans & Smith Insurance Agency, Inc.*, 293 F. Supp. 2d 715, 717, 720–21 (E.D. Tex. 2003).

      The Court respectfully concludes that the common defense doctrine applies and that, as a result, the Croft defendants have not carried their heavy burden of showing that Quinn Emanuel was improperly joined. Accordingly, the Court will grant Buzbee's motion to remand.

## CONCLUSION

Plaintiff The Buzbee Law Firm's motion to remand (Dkt. 16) is **GRANTED**. This case is **REMANDED** to the 11th Judicial District Court of Harris County, Texas, where it was assigned case number 2024-84902.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 11th Judicial District Court of Harris County, Texas.

Any pending motions are **DENIED as moot**. This civil docket is **CLOSED**.

SIGNED at Houston, Texas on September 18, 2025.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE